# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LOUIS ALFONSE OLONA,<br><br>Plaintiff,<br><br>vs.<br><br>NDCS, WARDEN MAHR, SCOTT FRAKES, and AARON BLIVEN,<br><br>Defendants. | 8:20CV171<br><br>MEMORANDUM<br>AND ORDER |

The court previously conducted an initial review of Plaintiff's Complaint, determining that it was subject to preservice dismissal under 28 U.S.C. § 1915(e)(2) due to Eleventh Amendment immunity and for failure to state a claim upon which relief may be granted. (Filing 16.) However, the court on its own motion gave Plaintiff leave to amend to state a plausible procedural due process claim against Defendants Frakes, Mahr, and Bliven in their individual capacities. The court will now review Plaintiff's Amended Complaint (Filing 19) to determine whether summary dismissal is appropriate.

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff claims that he had a constitutionally protected liberty interest in maintaining his community-custody work-release status, but such status was revoked in violation of his Fourteenth Amendment right to procedural due process. He also claims that the Defendants defamed him.

Plaintiff's Amended Complaint and the attached materials contain the following allegations:

1.      Plaintiff sues the following Defendants in their individual capacities: Scott Frakes, Director of the Nebraska Department of Correctional Services ("NDCS"); Warden Mahr, Warden of the Community Corrections Center-Omaha ("CCC-O"); Aaron Bliven, Case Manager at the CCC-O; Captain McClymont at the Omaha Correctional Center ("OCC"); Captain Perlman at the OCC; and CCC-O Assistant Warden Erickson.

2.      As part of the CCC-O work release program, Plaintiff was employed at J. Skinner Bakery, where his usual schedule was 4:00 a.m. to 1:00 p.m. Plaintiff usually rode his bike nine miles to work each morning, leaving the CCC-O at 2:00 a.m. However, on February 18, 2020, his bike had a flat tire. The third-shift CCC-O staff was allegedly aware of Plaintiff's predicament because a correctional officer dropped Plaintiff off at 5:30 a.m. by the Omaha library, with his flat-tired bike, causing him to arrive to work three hours late and to work until 5:00 p.m. that day. (Filing 19 at CM/ECF pp. 10, 15.) That night, Plaintiff returned to the CCC-O from his job at 7:31 p.m. and was directed to go to his room. Five minutes later, two correctional officers came to his room to "arrest" him.

3.      At 8:26 p.m. that evening, Defendant Bliven filed a Disciplinary Misconduct Reporting Form against Plaintiff, erroneously stating that Plaintiff was "unaccounted for in the community for approximately six and a half hours." This statement contradicts Bliven's statement in the same report that according to Plaintiff's supervisor, Plaintiff had left his job at 5:00 p.m. Noting that inmate regulations only allow inmates two hours to travel to and from their jobs via the most direct route, Bliven charged Plaintiff with "unauthorized areas" and "violation of regulations." (Filing 19 at CM/ECF p. 10.)

4.      Plaintiff filed an informal grievance, as well as Step 1 and Step 2 grievances, thereby completing the grievance process.

5.      Investigating Officer Cpl. Knudsen reviewed Bliven's misconduct report on February 20, 2020, at 7:46 a.m., noting he "does not see how the times add

up and are actually in question." (Filing 19 at CM/ECF p. 11.) A copy of the report was given to Plaintiff on February 20, 2020, at 7:51 a.m. According to the form, a hearing date was set for February 25, 2020, with representation, witnesses, and employee presence being requested.

6. A "Response and Reasons for Decision Reached" dated March 13, 2020, by the NDCS "Director's Designee" apparently contains the disposition of Plaintiff's Step 2 grievance. The report indicates that Bliven's misconduct report was "dismissed due to inaccuracies in one of the times stated." However, the report states that dismissal of the original misconduct report

> does not change the fact that your work schedule was from 0400-1300 hours. Including a 2 hour window for transportation, when taking the bus, would have placed you back at CCC-O at 1500 hours. CCC-O did not receive any phone calls from you notifying them you would be late. It was discovered you were not present for 1600 hour count at approximately 1625 hours; nearly 1.5 hours after you should have been back at CCC-O. You did not arrive at CCC-O until 1931 hours."

(Filing 19 at CM/ECF p. 12.) The report further advised Plaintiff that he was "pending reclassification," and after such review was completed, Plaintiff could appeal the classification. The report described how Plaintiff could appeal a reclassification.

7. At some point after this incident, Plaintiff was moved from the CCC-O to the OCC.

8. Plaintiff claims that at the OCC, Defendants McClymont and Perlman "grilled & questioned" him about the "Carmichael Death at CCC-O" and promised him that in exchange for information, Plaintiff would be returned to the CCC-O. Plaintiff alleges that CCC-O Assistant Warden Erickson also made such a promise. Plaintiff was never returned to the CCC-O. (Filing 19 at CM/ECF pp. 5, 10.)

3

9. Plaintiff requests $25,000 for economic loss and as damages for contracting COVID-19 at the OCC and being placed in medical isolation as a result. Plaintiff demands that he be returned to the CCC-O and reinstated to his job.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

"The Supreme Court mandates a two-step analysis for procedural due-process claims: 'We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient.'" *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (quoting *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). "Protected liberty interests may arise from the Due Process Clause itself or from an expectation or interest created by state law or policies." *Id.* (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). "Generally, 'due process requires that a hearing before an impartial decisionmaker be provided at a meaningful time, and in a meaningful manner.'" *Booker v. City of Saint Paul*, 762 F.3d 730, 734 (8th Cir. 2014) (quoting *Coleman v. Watt*, 40 F.3d 255, 260 (8th Cir. 1994)). A plaintiff is entitled to due process only when a protected property or liberty interest is at stake. *See Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999).

Here, assuming for purposes of initial review only that Plaintiff had a protected liberty interest in participating in the CCC-O work-release program, the question is whether the procedures followed before he was deprived of that interest were constitutionally sufficient. The allegations contained in Plaintiff's Amended Complaint and the information reflected in its attachments indicate that Plaintiff received immediate notice of the charges against him to which he had a chance to respond; a review of those charges was performed approximately 35 hours later; and Plaintiff was advised at that time of a hearing on the charges that was set to occur five days later. However, it is unclear whether the hearing happened, whether there was an impartial decision-maker at the hearing, and whether the hearing was provided at a meaningful time and in a meaningful manner. These are matters to be fleshed out beyond the initial-review stage. Accordingly, the court concludes that this matter should proceed to service of process on Plaintiff's procedural due process and state defamation claims.

IT IS ORDERED:

1. Defendant NDCS is dismissed from this action pursuant to Filing 16.

2. The Clerk of Court shall add the following Defendants to the docket sheet: Captain McClymont, Captain Perlman, and Assistant Warden Erickson.

3. This matter may proceed to service of process against Defendants Frakes, Mahr, Bliven, Erickson, McClymont, and Perlman in their individual capacities only as to Plaintiff's procedural due process and state defamation claims.

4. For service of process on Defendant Scott Frakes in his individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address "Nebraska Department of Correctional Services, 801 W. Prospector Pl., Lincoln, NE 68522" and forward them together with a copy of the Amended Complaint (Filing 19) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Scott Frakes, personally in his individual capacity, at the <u>Nebraska Department of Correctional Services, 801 W. Prospector Pl., Lincoln, NE 68522</u>**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

5. For service of process on Defendants Warden Ryan Mahr, Aaron Bliven, and Assistant Warden Erickson in their individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Community Corrections Center-Omaha, 2320 Avenue J, Omaha, NE 68110" and forward them together with a copy of the Amended Complaint (Filing 19) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendants Warden Ryan Mahr, Aaron Bliven, and Assistant Warden Erickson, personally in their individual capacities, at the <u>Community Corrections Center-Omaha, 2320 Avenue J, Omaha, NE 68110</u>**. Service may also be accomplished by using any of

the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

6. For service of process on Defendants Captain McClymont and Captain Perlman in their individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Omaha Correctional Center, 2323 Avenue J, Omaha, NE 68110-0099" and forward them together with a copy of the Amended Complaint (Filing 19) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendants Captain McClymont and Captain Perlman, personally in their individual capacities, at the <u>Omaha Correctional Center, 2323 Avenue J, Omaha, NE 68110-0099</u>**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[1]

8. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

9. Plaintiff is notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

10. The Clerk of the Court is directed to set a case management deadline in this case with the following text: "**August 11, 2021**: service of process to be completed."

11. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 13th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge